TIMOTHY G. TACKETT,
    PLAINTIFF,

vs.

JON LITSCHER, CATHY JESS, PAUL KEMPER,
L. BARTOW, L. ALSUM, E. DAVIDSON,
L. LEBLANC, RANDALL HEPP, J. ALDANA,
M. SCHOMISCH, G. BORNICK, KEVIN KREMBS,
GREG BURMEISTER, GWEN HODGES, KRISTEN
VASQUES, CANDICE WHITMAN, AND
LAURA FRAZIER,
    Defendant(s).

Case No. 18 C 224

CIVIL COMPLAINT

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I. INTRODUCTION

1. This is a Civil Rights action filed by Timothy Tackett, a Wisconsin State Prisoner, and seeking Injunctive Relief and Damages under 42 U.S.C. §1983 violation of his Eighth Amendment to the United States Constitutional Rights to receive medical care.

### II. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution of the United States.

3. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 (a)(3) in that this action seeks to redress the deprivation, under Color of State Law, of rights secured by Acts of Congress providing for Equal rights of persons within the jurisdiction of the United States.

### III. PARTIES

4. Plaintiff Timothy Tackett at all times relevant to this complaint was confined by the Wisconsin Department of Corrections (WDOC) - Division of Adult Institutions (DAI) at Racine Correctional Institution (RCI) and/or Fox Lake Correctional Institution (FLCI).

5. Defendant Litsher is the Secretary of the Department of Corrections and is at all times relevant to this complaint employed at WDOC. He is sued in his Official and Individual Capacities.

6. Defendant Jess is the Assistant Secretary of the Department of Corrections and is responsible for making decisions on Complaints brought by prisoners through the grievance process and is at all times relevant to this complaint employed at WDOC. She is sued in her Official and Individual Capacities.

7. Defendant Kemper is the Warden of RCI and is responsible for reviewing all administrative appeals. He is at all times relevant to this complaint employed at RCI. He is sued in his Official and Individual Capacities.

8. Defendant Bartow is the Institution Complaint Examiner and is responsible for investigating the facts of a complaint through the grievance system and making a recommendation based on those facts to the Reviewing authority of WDOC.

9. Defendant Alsum is the Reviewing Authority and is responsible for making a decision based on the facts found during the investigation of a prisoner's grievance and making a recommendation to the Corrections Complaint Examiner. He is at all times relevant to this complaint is employed at WDOC. He is sued in his Official and Individual Capacities.

10. Defendant Davidson is the Corrections Complaint Examiner and is responsible for reviewing the record and completing the investigation of the facts of a complaint, then make an educated recommendation to the Office of the Secretary of WDOC.

11. Defendant Leblanc is a 3rd shift corrections Captain Supervisor responsible for 3rd shift operations and is in charge of the safety and security of all staff and prisoners during his shift. He is at all times relevant to this suit employed at FLCI. He is sued in his Individual Capacity.

12. Defendant Hepp is the Warden of FLCI and is responsible for reviewing all administrative appeals. He is at all times relevant to this complaint employed at FLCI. He is sued in his Official and Individual Capacities.

13. Defendant Aldana is the Security Director of RCI and is responsible for the safety and security of all prisoners at RCI. He is alsoresponsible for the transportation of prisoners to outside medical appointments. He is at all times relevant to this complaint employed at RCI. He is sued in his Official and Individual Capacities.

14. Defendant Schomisch is the Security Director of FLCI and is responsible for the safety and security of all prisoners at FLCI. He is also responsible for the transportation of prisoners to outside medical appointments. He is at all times relevant to this complaint employed at FLCI. He is sued in his Official and Individual Capacities.

15. Defendant Bornick is a Correctional Officer Sergeant supervising 3rd shift housing unit Plaintiff lived on during and after surgery, and is at all times relevant to this complaint employed at FLCI. He is sued in his Individual Capacity.

16. Defendant Krembs is a Medical Doctor and at all times relevant to this complaint employed at RCI and is responsible for providing medical care to prisoners and specifically ordering a medical appointment outside the prison when a prisoner needs specialized treatment or evaluation. He is suied in his Official and Individual Capacities.

17. Defendant's Burmeister and Hodges are nurses and at all times relevant to this complaint employed at RCI and are responsible for screening prisoner patient's injuries. They are being sued in their Individual Capacities.

18. Defendant Vasquez is the Health Services Manager at RCI and at all times relevant to this complaint employed at RCI and is generally responsible for ensuring provision of medical care to prisoners and specifically for

-CIVIL COMPLAINT - 3

scheduling medical appointments outside the prison when a prisoner needs specialized treatment, follow-up medical care and/or evaluation. She is sued in her Individual Capacity.

19. Defendant Whitman is the Health Services Manager at FLCI and at all times relevant to this complaint employed at FLCI and is generally responsible for ensuring provision of medical care to prisoners and specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment, follow up medical care and/or evaluation. She is sued in her Individual Capacity.

20. Defendant Frazier is the Assistant Health Services Manager at RCI and at all times relevant to this complaint employed at RCI and is gernerally responsible for any overflow from the Health Services Manager for ensuring provision of medical care to prisoners and specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment, follow up care medical care and/or evaluation. She is sued in her Individual Capacity.

21. All of the defendant's have acted, and continue to act, under color of state law at all times relevant to this complaint.

## IV. EXHAUSTION OF AVAILABLE REMEDIES

22. Plaintiff exhausted his adminsistrative remedies before filing this complaint.

## V. FACTS

23. Plaintiff Tackett worked for RCI in the Maintenance Department for approximately 3 and 1/2 years (2013-2016).

24. When the injury to Tackett's foot happened, his job duties as an inmate electronic technician included among other things: Printer installation, removal, repair, and troubleshooting of most of the printers located thoughout RCI.

25. Plaintiff Tackett wrote letters to Defendant's Kemper, Vasquez, Krembs, Frazier, and Whitman on multiple occasions complaining of the severe pain over the span of approximately 850 days.

26. Plaintiff was sent to an outside specialist (Orthopedic surgeon Dr. Matthew Larson) on April 7, 2016 due to chronic pain and possible diagnosis of neuroma. Dr. Larson wanted to "try" orthotics to possibly avoid having to do surgery, and made the order for the orthotics the same day.

27. Dr. Larson also ordered follow up medical care in 3 months to allow time to get the orthotics and evaluate if this would work or the need to schedule a surgery, to end the chronic pain.

28. This "follow up" with the orthopedic surgeon, Dr. Larson, Never Happened.

29. Defendant's Litscher, Kemper, Krembs, Vasquez, Frazier, Burmeister, and Hodges failed to act on the ordered follow up medical care.

30. Instead these defendant's deliberately ignored the specialist's order, even after plaintiff informed them on multiple occasions he was still in constant severe chronic pain.

31. Plaintiff repeatedly complained of major chronic pain and continued to ask for the follow up medical care that was ordered by Dr. Larson on 4-7-2016, which he never received.

32. Plaintiff complained to any and all prison staff that would listen, including "ALL" of the defendant(s), and informed them on multiple occasions of the severe pain and repeated this every chance the plaintiff saw Dr. Krembs, Burmeister and Hodges.

33. Plaintiff also informed Dr. Krembs of the chronic pain in writing though the only possible avenue a prisoner has, by a medical request slip. Plaintiff also voiced his concerned whenever he was called to Health Services.

34. Plaintiff wrote defendant Vasquez 10-4-2015, 4-3-2016 and 5-30-2016 concerning the inadequate medical treatment. She responded only to the first.

35. Plaintiff wrote Defendant(s) Kemper and Frazier on multiple occasions for assistance with no help getting fair/equal treatment and/or follow up medical care.

36. Plaintiff informed/showed most of the defendant's the discoloration and swelling of the injury because it wouldn't go away for approximately 850 days.

37. This injured area is now permanently disfigured, scarred and has permanent loss of feeling in 2 of 5 toes on the left foot.

38. There is permanent loss of feeling on part of the pad on the bottom of his left foot.

39. Plaintiff's left foot has been in pain since the injury happened on the top of his foot and the bottom of his foot. The severe pain on the top goes from the tip of his toes to the ankle.

40. Plaintiff explained to all the defendant's that the bottom of his foot felt like he was walking on a rock at all times. This made it very difficult for the plaintiff to enjoy any normal activities. See exhibit "Q" Declaration of Clifford Boland.

41. On September 20, 2017, 3 and 1/2 months after arriving at FLCI and having to start over complaining to this new Health Services Staff about the injury and follow up medical care, Plaintiff was finally sent to another specialist (Dr. Robert Bertram), because Dr. Larson was to far away.

42. This resulted in another delay in the treatment because Dr. Bertram had to make his own medical diagnosis and treatment plan.

43. Dr. Bertram immediately diagnosed Plaintiff with chronic pain and permanent nerve damage.

44. Dr. Bertram ordered and MRI followed by surgery and stated because of the severe chronic pain, he would schedule the surgery to be completed within 4 weeks.

45. Dr. Bertram also diagnosed the same foot and toes with a fungus and

prescribed Penlac Topical Solution.

46. This presciption was denied immediately upon returning to FLCI by Health Services. Nurse Tess stated that per policy they will not give it to me because WDOC will not authorize the use of it. As of the filing of this complaint , Plaintiff never received it.

47. The defendants at FLCI delayed the surgery by several weeks.

48. Plaintiff complained again November 2017 due to more delays in medical treatment of his foot.

49. Plaintiff tried to use the chain of command at RCI by writing multiple times to defendant's Vasquez and Kemper.

50. This resulted in no effect in getting any follow up medical care by RCI, so Plaintiff finally exhausted his administrative remedies through the prisoner grievance procedure available at FLCI to try to solve the deliberate indifference inflicted upon him by both personnel at RCI and FLCI.

51. On October 23, 2017, Plaintiff presented the facts relating to specifically an MRI and surgery that never happened and was still waiting in extreme pain, specifically related to portions of this complaint on Inmate Complaint file number FLCI-2017-27258.

52. On November 20, 2017, Plaintiff was sent a response saying that the grievance had been dismissed based on the facts as presented. On November 21, 2017, Plaintiff appealed the dismissal of the grievance to the appropriate authority. He received a decision by C. O'Donnell - Office of the Secretary on January 23, 2018 dismissing the complaint and accepted as the decision of the Secretary. Plaintiff's grievance on this issue is attatched as Complaint Exhibits A through C and his appeal of this grievance as Complaint Exhibits D through F.

53. On November 3, 2017, Plaintiff presented the facts relating to specific follow up medical care ordered by Dr. Larson, who RCI put me under the care

of, Dr. Matthew Larson, to be returned to him within 3 months from April 7, 2016 due to the ongoing chronic pain. Also for not receiving proper medical care and surgery for Plaintiff's foot. This was completed on Inmate Complaint file number FLCI-2017-28392.

54. On November 7, 2017, Plaintiff was sent a response saying that the grievance had been rejected because it was previously addressed in complaint FLCI-27258, on November 21, 2017. Although this complaint was for the follow up medical care, not for an MRI or surgery. Plaintiff appealed the rejection of the grievance to the appropriate authority. Tackett received a decision by L. Alsum on December 4, 2017 stating it was properly rejected in with DOC 310.11(5) and advising me to submit an HSR if needs follow up, although Plaintiff did ask for a follow up multiple times as noted on one such date as shown in Complaint Exhibit "S". Plaintiff Tackett's grievance on this issue are attached as Complaint Exhibits G through H and Plaintiff's request for review of this grievance as Complaint Exhibits I through J.

55. Plaintiff was finally sent to Waupon Memorial Hospital to have surgery for neuroma and bursitis directly caused by the impact of the printer on Plaintiff's left foot and deliberate indifference of all defendant's towards the Health, Welfare, Safety and follow up medical care for approximately 850 days.

56. The procedure was done by Dr. Bertram, who ordered acetaminophen-HYDROcodone, oral every 6 hours interval, "as needed for pain". The first night following surgery, Plaintiff was given the medication at "BEDTIME" or 6:50 p.m.

57. Plaintiff awoke at 1:23 a.m. in extreme pain, approximately 6 and 1/2 hours after the last dosage.

58. Plaintiff talked with Defendant Bornick who said he talked with Defendant Leblanc, and acknowledged and empathized with the extreme pain, yet refused to follow Dr. Bertram's orders for the pain management medication, even after

-CIVIL COMPLAINT - 8

being shown the instructions from the hospital, then commented the next day to the Plaintiff that to many prisoners feel entitled. Followed with a comment that he wasn't necessarily talking about the Plaintiff.

59. This extreme pain returned every night for weeks, putting Plaintiff in an unnecessary amount of pain derived from this deliberate action. See Exhibits "Q" and "R" Declarations of Boland and Knigge.

60. On November 20, 2017, Plaintiff presented the facts relating specifically to not giving Plaintiff Physician ordered pain medication as needed. This was completed on Inmate Complaint file number FLCI-2017-29750.

61. On December 7, 2017 Plaintiff was sent a response saying that the grievance had been AFFIRMED by L. Bartow and Affirmed with Modification by L. Alsum. On December 21, 2017 Plaintiff appealed the decision to the appropriate authority. Plaintiff received a decision by C. Jess - Office of the Secretary January 15, 2018 stating Affirmed with Modification and accepted as the decision of the Secretary. Plaintiff's grievance on this issue are attached as Complaint Exhibit K through M and his appeal of this grievance as Complaint Exhibit N through P.

62. Plaintiff continually asked Health Services staff at FLCI in writing, at medication times, and each time Plaintiff returned from a hospital trip to see Dr. Bertram to change the dressing of the wounded area. They profusely refused to even inspect the wound for infection and see if it was healing properly, stating I was under the care of Dr. Bertram.

63. It was 6 days before the surgical bandage was removed and changed, then weeks before it was looked at again.

64. As of the date of this complaint, no personnel at FLCI has provided any medical attention to this injury since prior to the surgery on November 7, 2017.

65. It is now approximately 6 months after surgery and Plaintiff is still having severe pain in his foot at least a couple hours a day. There is

-CIVIL COMPLAINT -9
Case 2:19-cv-00258-JPS   Filed 03/29/18   Page 9 of 15   Document 1

being shown the instructions from the hospital, then commented the next day to the Plaintiff that to many prisoners feel entitled. Followed with a comment that he wasn't necessarily talking about the Plaintiff.

59. This extreme pain returned every night for weeks, putting Plaintiff in an unnecessary amount of pain derived from this deliberate action. See Exhibits "Q" and "R" Declarations of Boland and Knigge.

60. On November 20, 2017, Plaintiff presented the facts relating specifically to not giving Plaintiff Physician ordered pain medication as needed. This was completed on Inmate Complaint file number FLCI-2017-29750.

61. On December 7, 2017 Plaintiff was sent a response saying that the grievance had been AFFIRMED by L. Bartow and Affirmed with Modification by L. Alsum. On December 21, 2017 Plaintiff appealed the decision to the appropriate authority. Plaintiff received a decision by C. Jess - Office of the Secretary January 15, 2018 stating Affirmed with Modification and accepted as the decision of the Secretary. Plaintiff's grievance on this issue are attached as Complaint Exhibit K through M and his appeal of this grievance as Complaint Exhibit N through P.

62. Plaintiff continually asked Health Services staff at FLCI in writing, at medication times, and each time Plaintiff returned from a hospital trip to see Dr. Bertram to change the dressing of the wounded area. They profusely refused to even inspect the wound for infection and see if it was healing properly, stating I was under the care of Dr. Bertram.

63. It was 6 days before the surgical bandage was removed and changed, then weeks before it was looked at again.

64. As of the date of this complaint, no personnel at FLCI has provided any medical attention to this injury since prior to the surgery on November 7, 2017.

65. It is now approximately 6 months after surgery and Plaintiff is still having severe pain in his foot at least a couple hours a day. There is

permanent loss of feeling in 2 toes, top and bottom of the left foot. The last visit with Dr. Bertram was December 2017 and ordered a follow up in 3 months. As of this complaint still no follow up.

66. Dr. Bertram stated this injury will have to be done again later in life where the incision was done on the nerve.

67. Plaintiff's personal shoes that were fitted with the orthotics were taken and destroyed when transferred to FLCI commented "due to the tears in the cloth on the heals inmates can hide something in there." Health Services refuses to replace with the same type.

## VI. LEGAL CLAIMS

68. Plaintiff realleges and incorporates by reference 1-67 and Exhibits A through S.

### A. Failure to Protect

69. The failure of Defendant(s) Bornick, Burmeister, Hodges, Vasquez, Krembs, Frazier, Leblanc, Kemper, and Hepp to act on their knowledge of serious harm to Plaintiff violated his Eighth Amendmant right to be free from deliberate indifference to his safety.

70. As a result of the Defendants actions by violating Plaintiff's rights under the Eighth Amendment to the United States Constitution, and caused Plaintiff past pain, suffering, physical injury, including future pain, future medical costs manifested by the defendants response or lack of response to the Plaintiff's needs by intentionally denying and delaying access to "Follow up medical care" and not making available a specialist's prescribed "pain management medication."

71. Plaintiff did have a serious medical need that was determined by Dr. Krembs in 2015, then again by a specialist Dr. Larsen in April 2016 and again by another specialist Dr. Bertram in September 2017. This serious medical need is proven by the surgery that was ultimately performed.

72. As a result of the Defendant's failure, Plaintiff received serious physical and emotional injuries.

B. Deliberate Indifference to Medical Needs

73. The refusal or outright denying to follow Dr. Larson's follow up medical care ordered, by Defendant's Kemper, Hepp, Burmeister, Hodges, Krembs, Vasquez, Frazier and Aldana, constituted deliberate indifference to Plaintiff's serious medical needs.

74. The refusal or outright denial to give Surgeon and Doctor ordered pain medication as prescribed by Defendant(s) Bornick, Leblanc and Whitman constituted deliberate indifference to Plaintiff's serious medical needs.

75. As a result of all Defendant(s) failure to provide follow up care under Dr. Larson's orders and now including Dr. Bertram's orders, and failure to provide needed pain medication as ordered by the Physicians for pain, Plaintiff suffered further injury and physical and emotional pain and injury.

76. The refusal by Defendant(s) Bornick, Litscher, Jess, Kemper, Krembs, Hep, Vasquez, Whitman, Frazier, Leblanc, Alsum, Bartow and Davidson to provide protection from cruel and unusual punishment to Plaintiff as a result of Plaintiff's denied request of a plea for help through request slips, written letters and complaints, Plaintiff received serious physical and emotional injuries.

77. This deliberate indifference caused the Plaintiff years of unnecessary pain and suffering which resulted in surgery now and according to Dr. Bertram again later in life, causing more unnecessary pain and suffering.

C. Negligent Failure to Protect

78. Defendant(s) Bornick, Kemper, Hepp, Krembs, Vasquez, Frazier, Leblanc, Aldana and Schomish owed Plaintiff a duty of reasonable care to protect him against harm of denying him equal protection of the laws against deliberate indifference to serious medical needs.

79. These Defendants breached that duty by failing to provide protection when Plaintiff informed them, on numerous occasions, that he was in extreme pain and was suppose to have follow up medical care with Dr. Larson, and produced the same document that are in the institution's medical record for Plaintiff, supporting this from Wheaton Francis Hospital.

80. The breach of duty resulted in serious physical and emotional injury and damages.

81. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparabley injured by the conduct of the Defendants unless this court grants the Declatory and Injunctive relief which the plaintiff seeks.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the court grant the following relief:

A. Issue a declatory judgment stating that:

1. Defendant(s) Kemper, Aldana, Hepp, Schomisch, Vasquez and Frazier's failure to take action of the ordered follow up medical care by the specialized medical professional, Dr. Larson, and ignoring that order for 16 months of a condition that is deemed to be serious, because the failure to treat Plaintiffs condition resulted in further significant injury and unnecessary and wanton infliction of pain resulting in surgery. Also, resulting in prolonged and unnecessary pain by delaying treatment violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution.

2. Defendant(s) Bornick, Hepp, Leblanc, Whitman and Schomish's failure to issue medication to Plaintiff as was ordered by the specialized medical professional, who Plaintiff was under the care of, for a serious medical condition, violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution.

3. Defendant(s) Litscher, Kemper, Vasquez, Whitman, Frazier, Jess, Alsum, Bartow, Davidson, Aldana and Schomisch for deliberately ignoring requests for medical assistance which is sufficiently serious and painful and made this refusal of assistance an uncivilized form of cruel and unusual punishment violated the Plaintiffs right under the Eighth Amendment of the United States Constitution.

B. Issue and Injunction ordering Defendant(s) Litcher, Hepp, Whitman or their agents to:

1. Immediately arrange for the Plaintiff's need for other follow up medical treatment evaluated by a medical practioner with expertise in the treatment and restoration and function of the nerve damage and bursitis.

2. Carry out without delay the treatment directed by such medical practitioner.

3. Immediately return the New Balance Tennis shoes Plaintiff had, which were used for the fitting of the orthotics, but were taken by staff at FLCI when transferred there, or replaced with a new pair of the same brand.

C. Award Compensatory damages in the following amounts:

1. $121,500 Jointly and Severally against defendants Kemper, Hepp, Burmeister, Hodges, Krembs, Vasquez, Frazier, Aldana, Schomisch and Whitman for the past physical and emotional enjuries sustained as a result of the defendants failure to provide follow up care for approximately 480 days of prolonged and unnecessary pain resulting in surgery.

2. $215,000 Jointly and Severally against defendants Kemper, Hepp, Burmeister, Hodges, Krembs, Vasquez, Frazier, Aldana, Schomisch

and Whitman for the future physical and emotional injuries Plaintiff will sustain as a result of the Defendants deliberately prolonging treatment.

3. $84,000 Jointly and Severally against Defendant(s) ~~Vasquez, Krembs,~~ Whitman, Leblanc and Bornick for failure to administer pain medication as prescribed by the Specialist, Dr. Bertram, whose care Plaintiff was under, depriving Plaintiff of his Constitutional right to be free of cruel and unusual punishment including extreme physical and emotional injury.

4. $110,000 Jointly and Severally against Defendant(s) Litcher, Jess, alsum, Bartow, Davidson, Kemper, Hepp, Krueger, Aldana, Schomisch, for the pain and emotional injury resulting from their denial of due process in connection with the letters, requests and complaints Plaintiff made for medical care.

5. $120,000 Jointly and Severally against Defendant(s) Vasquez, Frazier, Krembs, Whitman for the physical and emotional injury resulting from their failure to provide adequate medical care to Plaintiff.

D. Award Punitive damages in the follow amounts:

1. $20,000 each against Defendant(s) Litcher, Kemper, Hepp, Jess, Krueger, Aldana and Schomisch.

2. $10,000 each against Defendant(s) Bornick, Burmeister and Hodges.

3. $20,000 each against Defendant(s) Krembs, Vasquez, Frazier, Whitman and Leblanc.

E. Plaintiff seeks recovery of all costs associated with this suit.

F. Grant such other relief as it may appear that Plaintiff is entitled.

Dated this 26 day of MARCH, 2018.

Respectfully Submitted,

*[signature]*

Timothy G. Tackett #289514
Fox Lake Correctional Institution
P.O. Box 200
Fox Lake, Wisconsin 53933-0200

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to the matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed and placed in the United States Postal box at Fox Lake Correctional Institution at Fox Lake, Wisconsin dated this 26 day of MARCH, 2018.

*[signature]*
Timothy G. Tackett