IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY G. TACKETT,

    Plaintiff,

v.

CATHY JESS, PAUL KEMPER, L. BARTOW,
L. ALSUM, E. DAVIDSON, L. LEBLANC,
G. BORNICK, KEVIN KREMBS,
KRISTEN VASQUEZ, CANDICE WHITMAN,
LAURA FRAZIER, MS. LYYSKI, CHARLES LARSON,
and JULIE LUDWIG,

    Defendants.

ORDER

18-cv-224-jdp

---

Plaintiff Timothy Tackett, appearing pro se, is a prisoner at Fox Lake Correctional Institution (FLCI). He alleges that staff at FLCI and at his previous prison, Racine Correctional Institution (RCI), ignored his need for medical treatment, and that as a result, his foot is permanently disfigured.

Defendants have filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin. Dkt. 33. Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where the action may have been brought if transfer (1) serves the convenience of the parties and witnesses; and (2) will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The defendant bears the burden of establishing that the proposed new venue is clearly more convenient. *Coffey*, 796 F.2d at 219. I conclude that transfer to the Eastern District is proper, and I will grant the motion.

The convenience inquiry generally focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. Defendants contend that transfer to the Eastern District, where both FLCI and RCI are located, is more convenient for the parties and witnesses because the events at issue occurred there, plaintiff resides there, and most defendants and potential witnesses reside there.

Tackett contends that the Eastern District is not more convenient because some of the defendants live in the Western District, and because FLCI is equally close to either district's courthouse. But only three defendants (complaint examiners at DOC headquarters) work in this district, and their involvement with the facts of the case is not as significant as the 11 defendants that work in the Eastern District. And RCI (where Tackett was first injured) is much closer to the Eastern District's courthouse in Milwaukee, as are Tackett's off-site healthcare providers, who are not defendants but will almost certainly be called as witnesses.

Tackett also says that he chose to file in the Western District. "The plaintiff's choice of forum is usually given substantial weight," although it "is given less deference 'when another forum has a stronger relationship to the dispute.'" *Almond v. Pollard*, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010) (quoting *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007)). Although I am sympathetic to Tackett's desire to choose the court he litigates in, the Eastern District (where Tackett injured himself, was denied treatment, and eventually received surgery) has a stronger relationship to the dispute. Overall, the Eastern District is a more convenient forum.

The second part of my analysis is the interest-of-justice inquiry. It "relates to the efficient administration of the court system" and focuses on "factors including docket

2

congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

Defendants filed their motion to transfer on the same day as their answer. There has not yet been a scheduling conference and there are no pending motions, so transferring the case will not throw a wrench in the proceedings. Defendants submit statistics showing that the Eastern District and Western District share similar caseloads, and I have no doubt that both courts are familiar with the relevant law. Defendants do not argue the remaining factors. The interests-of-justice factor does not weigh for or against transfer. Because I conclude that the Eastern District is a more convenient forum, I will grant defendants' motion to transfer.

ORDER

IT IS ORDERED that defendants' motion for change of venue, Dkt. 33, is GRANTED. This case is transferred to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

Entered February 15, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge