# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TIMOTHY GREG TACKETT,<br><br>                          Plaintiff,<br><br>v.<br><br>CATHY JESS, PAUL KEMPER, LAURA BARTOW, LORI ALSUM, EMILY DAVIDSON, LONEL LEBLANC, GLENN BORNICK, DR. KEVIN KREMBS, KRISTEN VASQUEZ, CANDICE WHITMAN, LAURA FRAZIER, ROXANNE LYYSKI, JULIE LUDWIG, and CHARLES LARSON,<br><br>                         Defendants. | Case No. 19-CV-258-JPS<br><br>**ORDER** |

      On August 31, 2018, Plaintiff filed the operative complaint in this action, in which he alleges that his constitutional rights were violated when he was denied medical care at Racine Correctional Institution ("RCI") and Fox Lake Correctional Institution ("FLCI"). (Docket #23). The action was transferred from the Western District of Wisconsin on February 19, 2019 and was reassigned to this branch of court on February 27, 2019. On June 12, 2019, Plaintiff filed a motion for order allowing him to pay the balance of the filing fee from his release account. (Docket #70). He explains that he needs his trust account to buy basic, necessary hygiene items, and that Mrs. Polk, at FLCI, told him that he could use his release account to pay the rest of the filing fee "only if the court says to do it." *Id.*

Unfortunately, the Court is not empowered to order the requested disbursement from Plaintiff's prison release account be paid toward the entire filing fee in this matter. The most the Court could have done was direct that the initial partial filing fee (the "IPFF") be paid from his release account, but it appears that the magistrate denied this request. (Docket #9); *but see Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "the federal Prison Litigation Reform Act [("PLRA")]. . .authorize[s] the courts to order that. . .a prisoner's release account be made available [to pay an IPFF]"). The Court lacks the authority—statutory or otherwise—to allow a prisoner to tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to the prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of his legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations

on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. As a consequence, the Court is obliged to deny Plaintiff's request to pay the remaining balance of his filing fee from his release account.

Accordingly,

**IT IS ORDERED** that the motion for an order allowing for filing fee payments to be made from Plaintiff's release account (Docket #70) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge